UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| QINGFEI ZHANG, | ) |
| | ) |
| Plaintiff, | )   Civil Action No. 5: 25-002-DCR |
| | ) |
| v. | ) |
| | ) |
| UNIVERSITY OF KENTUCKY, et al., | )   **MEMORANDUM OPINION** |
| | )   **AND ORDER** |
| Defendants. | ) |

*** *** *** ***

Plaintiff Qingfei Zhang brings numerous claims of discrimination against the University of Kentucky and one of her former professors, Karen Tice. The University of Kentucky and Tice have filed a motion to dismiss Zhang's Complaint. Because Zhang failed to exhaust her administrative remedies with respect to her claims under Title VII of the Civil Rights Act of 1964, those claim will be dismissed without prejudice. Zhang's remaining claims, asserted under Title VI of the Civil Rights Act and 42 U.S.C. § 1983, are barred by the applicable statutes of limitations. Accordingly, those claims will be dismissed with prejudice and Zhang's Complaint will be dismissed in its entirety.

I.

Zhang was enrolled in a Ph.D. program at the University of Kentucky from August 2019 through May 2020. Zhang was advised on May 14, 2020, that she had been placed on departmental academic probation because the faculty had determined, based on Zhang's grades and overall performance, that she was unlikely to successfully complete the Ph.D. program.

[Record No. 9-1 at 1] Zhang was further informed that she would not be rehired as a teaching assistant for the upcoming semester. *Id.* at 3.

Zhang's Complaint outlines numerous issues raised by her professors, including late assignments, unwillingness to "engage with course readings and concepts" that did not match Zhang's specific interests, and plagiarism. Notably, Dr. Karen Tice gave Zhang a grade of "C" in GWS 650; however, Zhang claims that Tice unfairly forced Zhang to change the topic of her midterm paper just a couple of days before the submission deadline. Tice also penalized Zhang for submitting an assignment late, but Zhang maintains that it was Tice's fault for failing to set up an online board for submitting the assignment as she had promised.

Zhang filed a report of discrimination on June 25, 2020, based on ethnic origin, sex, gender identity, gender expression, and race with the University's Office of Institutional Equity and Equal Opportunity. [*See* Record No. 9-1 at 19.] She stated in her report that Tice had "silenced and excluded [her] in the classroom setting and was biased in her grading of [Zhang's] work." On July 28, 2020, Zhang appealed her grade in GWS 650 to UK's academic ombud. *See id.* at 17. The ombud concluded on September 10, 2020, that Zhang's appeal was without merit. *Id.* at 17-18. One week later, the Office of Institutional Equity and Equal Opportunity advised Zhang that it had investigated her complaint but there was insufficient evidence to find that the University's Policy on Discrimination and Harassment had been violated. *See id.* at 19-20.

Zhang's request for a hearing before the University of Appeals Board regarding her grade in GWS 650 was denied on October 6, 2020. *See id.* at 7-16, 20. Zhang subsequently submitted inquiries to both the Equal Employment Opportunity Commission ("EEOC") and the Kentucky Commission on Human Rights ("KCHR"). [*See* Record No. 16-1 at 1.] She

also filed a complaint against the University of Kentucky with the United States Department of Education Office of Civil Rights ("OCR").[1]  *See id.* at 7.

Zhang filed a Complaint with this Court on January 8, 2025.  She alleges that the University of Kentucky violated Title VI of the Civil Rights Act of 1964 by discriminating against her based on her race, color, and national origin and violated Title VII of the Civil Rights Act by discriminating against her based on her race, color, religion, sex, and national origin.  [Record No. 1]  Zhang filed an Amended Complaint on January 21, 2025.  [Record No. 9]  The Amended Complaint is substantially similar to Zhang's original Complaint but adds Karen Tice as a defendant in her individual and official capacities and adds claims pursuant to 42 U.S.C. § 1983 for alleged violations of due process and equal protection under the Fourteenth Amendment to the United States Constitution.  [Record No. 9]  Zhang seeks monetary damages for relief.  *See id.* at 4-5.

## II.

The defendants have filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a complaint need not contain detailed factual allegations, a plaintiff must provide more than mere labels and conclusions, and "a formulaic recitation of the elements of a cause of action will not do."

---

[1] Zhang did not include any allegations in her Complaint or Amended Complaint concerning her submissions to the EEOC, KHRC, or the OCR.  However, she refers to, and includes documentation regarding, these filings in her response to the defendants' motion to dismiss.  [*See* Record No. 16-1.]

*Twombly*, 550 U.S. at 555. If the plaintiff's allegations "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state claim." *Jones v. Bock*, 549 U.S. 199, 215 (2007). *See also Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (observing that dismissal is appropriate when "the allegations in the complaint affirmatively show that the claim is time-barred").

While the Court generally is limited to the pleadings, it may consider exhibits attached to the complaint, public records, items in the record and exhibits attached to the motion to dismiss, so long as they are referred to in the complaint and are central to the claims therein. *Rondigo, LLC v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)).

The Court must construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in the plaintiff's favor. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Additionally, documents filed by *pro se* litigants are liberally construed and are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III.

#### A.   Title VII

Under Title VII, it is unlawful "for an employer . . . to discriminate against any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).[2] It is well established that a plaintiff must satisfy two prerequisites before

---

[2] Zhang concedes that her Title VII claim against Tice in her individual capacity should be dismissed, as individual employees who do not otherwise qualify as "an employer" may not be held personally liable under Title VII. *See Johnson v. Univ. of Cincinnati*, 215 F.3d 561,

bringing a Title VII action in federal court: (1) timely file a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC"); and (2) receive a "right-to-sue letter" from the EEOC. *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1482, 1486 (6th Cir. 1989). *See also Mitchell v. Chapman*, 343 F.3d 811, 819-20 (6th Cir. 2003) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1982) (observing that the exhaustion of EEOC remedies "is a condition precedent to filing suit in district court, rather than a jurisdictional prerequisite")). The defendants contend that Zhang's Title VII claim should be dismissed because she did not fulfill these requirements prior to filing this action.

In response, Zhang reports that she filed a timely "charge" with the EEOC, "but it was closed before interview." [Record No. 16 at 2] She concedes that she "did not even receive a closing letter from EEOC," and did not receive instructions on further actions to take such as when to refile or how to appeal the EEOC's decision. *Id.* Zhang also asserts that she submitted an online inquiry with the Kentucky Human Rights Commission, "but the case was not taken." *Id.* Considering these allegations, Zhang asks the Court to excuse her failure to exhaust administrative remedies. [*See* Record No. 16 at 2.]

A plaintiff alleging employment discrimination under Title VII must file a charge with the EEOC "within 180 days of the occurrence of the alleged unlawful employment practice." *EEOC v. Com. Off. Prods. Co.*, 486 U.S. 107, 110 (1988). This period is extended to 300 days in deferral jurisdictions, including Kentucky, if the plaintiff initiates a timely complaint with the appropriate state agency. *See Qiu v. Bd. of Educ. of Woodford Cnty. Pub. Schs.*, 694 F. Supp. 3d 920, 924 (E.D. Ky. 2023) (citing *Logan v. MGM Grand Detroit Casino*, 939 F.3d

---

571 (6th Cir. 2000). Accordingly, the Title VII claim against Tice in her individual capacity will be dismissed with prejudice.

824, 828 (6th Cir. 2019)). When the EEOC dismisses a charge, it must notify the aggrieved person who then has 90 days in which to file an action in federal court. *See* 42 U.S.C. § 2000e-5(f)(1).

Zhang, who apparently concedes that she did not exhaust administrative remedies, does not state when she allegedly filed an EEOC "charge," nor does she provide a copy of it. Instead, she provides an undated page from the EEOC's website indicating that her "inquiry" with the EEOC has been closed for more than 90 days. [Record No. 16-1 at 1] This does not establish that she filed a charge of discrimination with the EEOC. *See* U.S. Equal Employment Opportunity Commission, *Filing a Charge of Discrimination*, https://www.eeoc.gov/filing-charge-discrimination (last accessed Mar. 12, 2025) ("A Charge of Discrimination can be completed through our EEOC Public Portal after you submit an online inquiry *and we interview you*.") (emphasis added). *See also Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 417 (2008) (J. Thomas, dissenting) (observing that EEOC "intake questionnaires are not typically viewed as charges, but are used to assist the EEOC in developing the charge"). Failure to exhaust is an appropriate basis for dismissal under Rule 12(b)(6). *Hykes v. Lew*, No. 16-5509, 2017 WL 4863108, at *2 (6th Cir. Mar. 1, 2017) (citing *Steiner v. Henderson*, 354 F.3d 432, 434 (6th Cir. 2003)).

Zhang contends that she was "effectively prevented from exhausting her remedies" and should therefore be granted an "equitable exception." [Record No. 16 at 2] Because exhaustion of EEOC remedies is not a jurisdictional bar to suit, it "is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). The Sixth Circuit has identified the following factors that bear on whether a filing deadline should be equitably tolled: "(1) lack of notice of the filing requirement; (2) lack of constructive

knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement." *Dixon v. Gonzalez*, 481 F.3d 324, 331 (6th Cir. 2007) (citation omitted). These are not the only reasons to permit equitable tolling, but the doctrine is "restricted and to be carefully applied." *Hykes*, 2017 WL 4863108 at *2 (quoting *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 469 (6th Cir. 2004)).

Zhang has not alleged the type of "unusual circumstances" that warrant equitable tolling. *See Jones v. Rutherford Cnty. Sch. Sys.*, No. 15-CV-243, 2017 WL 5653883, at *3 (M.D. Tenn. Apr. 4, 2017) (quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007) (explaining that equitable tolling is "rare remedy" and is "not a cure-all for an entirely common state of affairs")). And she has not alleged that she lacked actual notice of the deadline for filing an EEOC charge—only that the EEOC failed to provide her "instructions on further actions to take." Zhang also fails to allege facts indicating that she was diligent in pursuing her administrative remedies. Rather, Zhang, a former Ph.D. student at the University of Kentucky and an "editor of academic journals at China's top institutions," blames her unfamiliarity with the American legal system and her inability to retain an attorney. While Zhang contends that she could not perform "complex mental tasks" following her dismissal from the Ph.D. program (*see* Record No. 16 at 8), she has offered no compelling justification for her failure to comply with the deadline for filing a charge with the EEOC.

Zhang's argument in favor of equitable estoppel fares no better. Equitable estoppel requires Zhang to show that *the defendant (i.e.*, "the party to be estopped") made a representation to her that induced her to file an EEOC charge after the applicable deadline for doing so. *See Chapman v. Univ. of Toledo*, 2023 WL 8086742, at *4 (N.D. Ohio Nov. 21,

- 7 -

2023) (citing *Thomas v.* Miller, 489 F.3d 293, 299 (6th Cir. 2007)). While Zhang makes vague assertions that the U.S. Department of Education's Office of Civil Rights caused her to miss the deadline for filing an EEOC charge, she makes no allegation that the defendants made such representations. Accordingly, neither equitable tolling nor equitable estoppel applies and Zhang's Title VII claims against the University of Kentucky and Tice in her official capacity will be dismissed based on Zhang's failure to exhaust administrative remedies.

### B.     Title VI

Title VI, which prohibits discrimination based on race, color, and national origin in programs and activities receiving federal financial assistance, does not have its own statute of limitations.[3] *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 728-29 (6th Cir. 1996) (citing 42 U.S.C. § 2000d). Instead, the Court must look to the applicable state law statute of limitations for personal injury actions, which is one-year in Kentucky. *See Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 181-82 (6th Cir. 1990) (citing Ky. Rev. Stat. § 413.140(1)(a)). The statute of limitations begins to run when the plaintiff knows, or in the exercise of due diligence should have known, of her injury and the cause of her injury. *Bishop v. Children's Ctr. for Dev. Enrichment*, 618 F.3d 533, 536 (6th Cir. 2010).

Zhang contends that she was dismissed from the Ph.D. program and terminated from her teaching assistant position on May 14, 2020. According to her Amended Complaint, all the alleged facts that led her to believe these decisions were based on her race, color, or national origin occurred prior to that date. Construing Zhang's complaint broadly, the latest adverse

---

[3] As with her Title VII claim, Zhang correctly concedes that a Title VI claim cannot be brought against Defendant Tice in her individual capacity and, therefore, that claim will be dismissed. *See Buchanan v. City of Bolivar, Tenn.*, 99 F.3d 1352, 1356 (6th Cir. 1996).

- 8 -

event occurred on October 6, 2020, when the University Appeals Board denied her request for a hearing.  Accordingly, the deadline to file her Title VI claim in federal court was October 6, 2021, at the very latest.

But Zhang argues that this deadline should be tolled because, "due to [the defendants'] active concealment through fraudulent practices," she did not discover the cause of action until the Office of Civil Rights issued its report on December 20, 2024.  [Record No. 16 at 3] However, Zhang fails to identify any facts disclosed through the OCR report that led to her discovery of a new cause of action.  Instead, she attacks the OCR report itself, asserting that OCR's investigation was "fraudulent," "blatantly biased," and "fail[ed] to verify basic facts." *Id.* at 4.  Further, Zhang's tolling argument fails because she does not allege any facts (as opposed to conclusory assertions) indicating that *the defendants* concealed facts or delayed OCR's investigation or that the report brought a new Title VI claim to light that was previously unknown.  *See Cotton v. Adrian College*, 2022 WL 19518468, at *4 (E.D. Mich. Oct. 20, 2022) (rejecting plaintiff's equitable tolling claim based delayed OCR investigation).  Zhang's Title VI claims, therefore, will be dismissed with prejudice as untimely.

### C.  42 U.S.C. § 1983

Zhang alleges in her Amended Complaint vague due process and equal protection violations under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.  However, the University of Kentucky is not subject to suit under § 1983 because the "Eleventh Amendment bars § 1983 suits against a state, its agencies, and its officials sued in their official capacities for damages."  *Cady v. Arenac Cnty.*, 574 F.3d 334, 342 (6th Cir. 2009).  *See also Hutsell v. Sayre,* 5 F.3d 996, 999-1000 (6th Cir. 1993) (recognizing that the University of Kentucky is an "arm of the state" for purposes of the Eleventh Amendment).

Further, a state and its instrumentalities do not constitute a "person" amenable to suit under Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). Accordingly, the due process and equal protection claims asserted against the University of Kentucky and Tice in her official capacity will be dismissed.

Finally, the Court considers Zhang's due process and equal protection claims against Tice in her individual capacity. Kentucky's one-year statute of limitations applies to these claims. *See Huang v. Presbyterian Church (U.S.A.)*, 346 F. Supp. 3d 961, 973-74 (E.D. Ky. 2018) (citing *Collard*, 896 F.2d at 182). Zhang does not allege any conduct involving Tice after May 14, 2020, and appears to concede that her Complaint was filed after expiration of the statute of limitation. However, she maintains that the statute of limitations should be equitably tolled. [Record No. 16 at 9]

Kentucky's tolling laws apply with respect to claims under § 1983. *See Heard v. Strange*, 127 F.4th 630, 634-35 (6th Cir. 2025). The statute of limitations will be tolled in "rare cases in which plaintiffs are prejudiced by circumstances beyond their control." *4th Leaf, LLC v. City of Grayson*, 425 F. Supp. 3d 810, 820 (E.D. Ky. 2019). This may include when a Kentucky resident is out of state when the claim accrues; the plaintiff is an infant or is of unsound mind when the claim accrues; or when the defendant obstructs the prosecution of the action. *Id.* (citations omitted). Equitable tolling also may be allowed "in limited circumstances where a plaintiff was diligent in pursuing his rights but factors beyond his control prevented the action from being commenced within the limitation period." *Id.* (quoting *Stoner v. Percell*, 3: 13-cv-00762-CRS, 2014 WL 6611557, at *5 (W.D. Ky. Nov. 20, 2014)) (citations omitted).

Zhang does not allege that any of these circumstances existed in this case. While Zhang was displeased with OCR's investigation of her complaint and the length of time it took to

complete its report, there is no suggestion that *the defendants* obstructed the prosecution of this action. And while Zhang alleges that she experienced "mental incapability" following her dismissal from the Ph.D. program, she does not allege that she was incapable of handling her own affairs, as required to establish unsoundness of mind under Ky. Rev. Stat. § 413.070(1). *See Green v. Floyd Cnty., Ky.*, 803 F. Supp.2d 652, 654 (E.D. Ky. 2011) (citing *Se. Ky. Baptist Hosp., Inc. v. Gaylor*, 756 S.W.2d 467, 469 (Ky. 1988)). Instead, Zhang alleges that she challenged the University's decision through its academic ombud and its Office of Institutional Equity and Equal Opportunity and she contacted the Fayette County Court multiple times, which instructed her to consult an attorney. While Zhang undoubtedly experienced emotional distress due to her termination from the Ph.D. program and the loss of her teaching assistant position, she has not alleged facts that would warrant tolling the statute of limitations based on an unsound mind. Since her constitutional claims against Tice in her individual capacity are untimely, they will be dismissed with prejudice.

**IV.**

Based on the foregoing, it is hereby **ORDERED** as follows:

1. The motion to dismiss filed by Defendants University of Kentucky and Karen Tice [Record No. 12] is **GRANTED**.

2. Zhang's claims under Title VII of the Civil Rights Act against the University of Kentucky and Karen Tice in her official capacity are **DISMISSED**, without prejudice, for failure to exhaust administrative remedies.

3. Zhang's claim under Title VII of the Civil Rights Act against Karen Tice in her individual capacity is **DISMISSED**, with prejudice.

    4.       Zhang's claims under Title VI of the Civil Rights Act against the University of Kentucky and Karen Tice, in both her official and individual capacities, are **DISMISSED**, with prejudice.

    5.       Zhang's constitutional claims under 42 U.S.C. § 1983 against the University of Kentucky and Karen Tice, in both her official and individual capacities, are **DISMISSED** with prejudice.

    6.       This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

Dated: March 13, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky